UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
SELVIDGE, DAVID RIAN § Case No. 11-08179 GBN
SELVIDGE, MICHELLE ANDREA §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]             $

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

Case 2:11-bk-08179-GBN   Doc 38   Filed 02/13/12   Entered 02/13/12 11:32:51   Desc
Page 1 of 9

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/DAVID M. REAVES_____
                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

Case 2:11-bk-08179-GBN   Doc 38   Filed 02/13/12   Entered 02/13/12 11:32:51   Desc
Page 2 of 9

| | | |
|---|---|---|
| Case No: 11-08179 GBN Judge: GEORGE B. NIELSEN, JR. | Trustee Name: | DAVID M. REAVES |
| Case Name: SELVIDGE, DAVID RIAN | Date Filed (f) or Converted (c): | 03/28/11 (f) |
| SELVIDGE, MICHELLE ANDREA | 341(a) Meeting Date: | 05/05/11 |
| For Period Ending: 01/09/12 | Claims Bar Date: | 11/25/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. HOUSE AND LAND AT: 4668 S MCMINN DRIVE GILBERT, AZ | 250,000.00 | 0.00 | DA | 0.00 | FA |
| 2. WELLS FARGO CHECKING ACCOUNT XXXXX7182 | 300.00 | 0.00 | DA | 0.00 | FA |
| 3. COUCH, KITCHEN TABLE W/6 CHAIRS, 5 BEDS AND BEDDIN | 3,000.00 | 0.00 | DA | 0.00 | FA |
| 4. FAMILY PICTURES AND FRAMES | 50.00 | 0.00 | DA | 0.00 | FA |
| 5. CHILDRENS BOOKS | 25.00 | 0.00 | DA | 0.00 | FA |
| 6. CLOTHES AND SHOES | 500.00 | 0.00 | DA | 0.00 | FA |
| 7. ENGAGEMENT RING, WEDDING BANDS | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 8. WATCH | 50.00 | 0.00 | DA | 0.00 | FA |
| 9. FIREARM FOR WORK | 500.00 | 0.00 | DA | 0.00 | FA |
| 10. TERM LIFE INSURANCE THROUGH EMPLOYER | 0.00 | 0.00 | DA | 0.00 | FA |
| 11. ARIZONA PUBLIC SAFETY RETIREMENT THROUGH EMPLOYER | 0.00 | 0.00 | DA | 0.00 | FA |
| 12. 401K THROUGH EMPLOYER (WIFE) | 2,750.00 | 0.00 | DA | 0.00 | FA |
| 13. RETIREMENT 457 PLAN (ICMA) THROUGH EMPLOYER (HUSBAN | 8,972.00 | 0.00 | DA | 0.00 | FA |
| 14. LEASED 2010 TOYOTA TUNDRA DOUBLE CAB PICKUP 4D 6 1 | 28,075.00 | 23,075.00 | DA | 0.00 | FA |
| 15. LEASED 2009 TOYOTA COROLLA S SEDAN 4D (31,000 MILE | 11,250.00 | 6,250.00 | DA | 0.00 | FA |
| 16. 2009 KAWASAKI ATV | 5,000.00 | 5,000.00 | DA | 0.00 | FA |
| 17. LAPTOP COMPUTER, PRINTER | 100.00 | 0.00 | DA | 0.00 | FA |
| 18. 3 DOGS, 19 YEAR OLD HORSE | 100.00 | 0.00 | DA | 0.00 | FA |
| 19. PREFERENCE (u) | 3,010.48 | 3,010.48 | | 3,010.48 | FA |
| INT. Post-Petition Interest Deposits (u) | 0.16 | 0.16 | | 0.16 | FA |

Gross Value of Remaining Assets
TOTALS (Excluding Unknown Values) $314,682.64 $37,335.64 $3,010.64 $0.00
(Total Dollar Amount in Column 6)

| | | | |
|---|---|---|---|
| Case No: | 11-08179 GBN Judge: GEORGE B. NIELSEN, JR. | Trustee Name: | DAVID M. REAVES |
| Case Name: | SELVIDGE, DAVID RIAN | Date Filed (f) or Converted (c): | 03/28/11 (f) |
| | SELVIDGE, MICHELLE ANDREA | 341(a) Meeting Date: | 05/05/11 |
| | | Claims Bar Date: | 11/25/11 |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

TFR submitted to UST's office for approval.

Initial Projected Date of Final Report (TFR): 02/15/12     Current Projected Date of Final Report (TFR): 01/09/12

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |  | | |
|---|---|---|---|---|
| Case No: | 11-08179 -GBN | | Trustee Name: | DAVID M. REAVES |
| Case Name: | SELVIDGE, DAVID RIAN | | Bank Name: | BANK OF AMERICA, N.A. |
| | SELVIDGE, MICHELLE ANDREA | | Account Number / CD #: | 4438123267 Money Market Account |
| Taxpayer ID No: | *******8859 | | | |
| For Period Ending: | 01/09/12 | | Blanket Bond (per case limit): | $ 80,699,577.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/07/11 | 19 | BANK OF AMERICA CASHIER'S CHECK | PREFERENCE TO FATHER | 1241-000 | 3,010.48 | | 3,010.48 |
| 06/30/11 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 3,010.50 |
| 07/29/11 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 3,010.52 |
| 08/31/11 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.03 | | 3,010.55 |
| 09/30/11 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 3,010.57 |
| 10/31/11 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.03 | | 3,010.60 |
| 10/31/11 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 3.84 | 3,006.76 |
| 11/30/11 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 3,006.78 |
| 11/30/11 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 3.71 | 3,003.07 |
| 12/16/11 | 000301 | REAVES LAW GROUP | ATTORNEY FOR TRUSTEE FEES & EXPENSE | | | 732.18 | 2,270.89 |
| | | 2999 N. 44th STREET, SUITE 600 | PER ORDER GRANTING PAYMENT SIGNED ON | | | | |
| | | PHOENIX, ARIZONA 85018 | 12/15/11. | | | | |
| | | | Fees 717.50 | 3110-000 | | | |
| | | | Expenses 14.68 | 3120-000 | | | |
| 12/30/11 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 2,270.91 |
| 12/30/11 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 3.70 | 2,267.21 |
| 01/09/12 | | Transfer to Acct #4438368242 | Final Posting Transfer | 9999-000 | | 2,267.21 | 0.00 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | | 3,010.64 | 3,010.64 | 0.00 |
| Less: Bank Transfers/CD's | | 0.00 | 2,267.21 | |
| Subtotal | | 3,010.64 | 743.43 | |
| Less: Payments to Debtors | | | 0.00 | |
| Net | | 3,010.64 | 743.43 | |

Page Subtotals       3,010.64       3,010.64

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No: 11-08179 -GBN | Trustee Name: DAVID M. REAVES |
| Case Name: SELVIDGE, DAVID RIAN | Bank Name: BANK OF AMERICA, N.A. |
| SELVIDGE, MICHELLE ANDREA | Account Number / CD #: 4438368242 Checking Account |
| Taxpayer ID No: *******8859 | |
| For Period Ending: 01/09/12 | Blanket Bond (per case limit): $ 80,699,577.00 |
| | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/09/12 | | Transfer from Acct #4438123267 | Transfer In From MMA Account | 9999-000 | 2,267.21 | | 2,267.21 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | 2,267.21 | 0.00 | 2,267.21 |
| Less: Bank Transfers/CD's | 2,267.21 | 0.00 | |
| Subtotal | 0.00 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 0.00 | 0.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Money Market Account - 4438123267 | 3,010.64 | 743.43 | 0.00 |
| Checking Account - 4438368242 | 0.00 | 0.00 | 2,267.21 |
| | 3,010.64 | 743.43 | 2,267.21 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 2,267.21 0.00

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-08179 GBN
Case Name: SELVIDGE, DAVID RIAN
    SELVIDGE, MICHELLE ANDREA
Trustee Name: DAVID M. REAVES

Balance on hand $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000010 | Toyota Motor Credit Corporation | $ | $ | $ | $ |

Total to be paid to secured creditors $_____

Remaining Balance $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID M. REAVES | $ | $ | $ |
| Trustee Expenses: DAVID M. REAVES | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Compass Bank | $ | $ | $ |
| 000002 | ENERBANK USA | $ | $ | $ |
| 000003 | Capital One,N.A | $ | $ | $ |
| 000004 | DESERT SCHOOLS FCU | $ | $ | $ |
| 000005 | MARSHALL & ILSLEY BANK | $ | $ | $ |
| 000006 | Compass Bank | $ | $ | $ |
| 000007 | American Express Bank, FSB | $ | $ | $ |
| 000008 | ELAN FINANCIAL SERVICES | $ | $ | $ |
| 000009 | American Express Centurion Bank | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE